JACQUELINE TIRINNANZI, ESQ.
Nevada Bar 13266
jt@kathleenblisslaw.com
KATHLEEN BLISS LAW PLLC
1070 W. Horizon Ridge Pkwy., Suite 202
Henderson, Nevada 89012
Telephone: (702) 463-9074

IVETTE AMELBURU MANINGO, ESQ.
Nevada Bar 7076
iamaningo@iamlawnv.com
THE LAW OFFICES OF IVETTE AMELBURU MANINGO
400 S. 4th St. Suite 500
Las Vegas, Nevada 89101
Telephone: (702) 793-4046
Fax: (844) 793-4046

*Attorneys for Alejandra Enriquez-Atunez and Enrique Martinez*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>ADRIANA ENRIQUEZ,<br>ALEJANDRA ENRIQUEZ-ATUNEZ,<br>and<br>ENRIQUE MARTINEZ,<br><br>Defendants. | CASE NO. 2:21-CR-00169-RFB-BNW<br><br>**UNOPPOSED JOINT MOTION FOR MODIFICATION OF PRETRIAL CONDITIONS** |

Defendants Alejandra Enriquez-Atunez, by and through her counsel of record, Jacqueline Tirinnanzi, Esq., and Enrique Martinez, by and through his counsel of record, Ivette A. Maningo Esq., request that this Court enter an order modifying conditions of pretrial release set by this Court that would allow the co-defendants the limited scope of contact for the purpose of facilitating shared custody between their two daughters.  Pretrial Services Officers for Alejandra

Page 1 of 7

Enriquez-Atunez and Enrique Martinez do not object to this motion. Additionally, in relation to Mr. Martinez, Pretrial Services Officer Barlow does not oppose the removal of conditions for curfew and Global Positioning Monitoring (GPS). All other conditions may remain in effect. The government's position is in deference to Pretrial Services on both requests set forth in this motion. This motion is made and based upon the attached memorandum of points and authorities, the pleadings, and papers on file herein, and any argument to be entertained by the Court.

Respectfully submitted,

*/s/ Jacqueline Tirinnanzi*_____
JACQUELINE TIRINNANZI, ESQ
Nevada Bar No. 13206
1070 W. Horizon Ridge Pkwy, Suite 202
Henderson, NV 89012
Telephone: 702.463.9074
Attorney for Defendant
Alejandra Enriquez-Atunez


*/s/ Ivette Amelburu Maningo*_____
IVETTE AMELBURU MANINGO, ESQ
Nevada Bar No. 7076
400 S. 4th St. Suite 500
Las Vegas, Nevada 89101
Telephone: (702) 793-4046
Fax: (844) 793-4046
Attorney for Defendant
Enrique Martinez

**MEMORANDUM OF POINTS AND AUTHORITIES**

In the instant case, an indictment was filed on June 16, 2021. ECF No. 1. Defendants Alejandra Enriquez-Atunez ("Ms. Enriquez") and Enrique Martinez ("Mr. Martinez") were charged with Conspiracy to Distribute a Controlled Substance in violation of 21 U.S.C. §§ 846, 841(a)(1), 841(b)(1)(A)(viii), and 841(b)(1)(C). The defendants were also charged with Distribution of a Controlled Substance in violation of 21 U.S.C. §§ 841 (a)(1), (b)(1)(B)(ii) (three counts toward Ms. Enriquez, and one count for Mr. Martinez).

Ms. Enriquez and Mr. Martinez's initial appearances and arraignments occurred on June 22, 2021, each plead not guilty to all counts. ECF No. 12, 18. This Court entered personal recognizance bonds releasing Ms. Enriquez and Mr. Martinez under special conditions. ECF No. 15, 16. Included among the various conditions of release for both defendants are that "defendant shall avoid all contact directly or indirectly with co-defendants unless it is in the presence of counsel." Id. at ¶ 3.

Ms. Enriquez and Mr. Martinez now seek modification of the Court's conditions that will allow them communication for the limited purpose of coordinating custody with their two shared daughters, Bianca and Chloe (ages six and eight). The daughters currently reside with their mother, Ms. Enriquez, however both parents are eager for the girls to have visits with their father, Mr. Martinez.

Ms. Enriquez and Mr. Martinez were married and are estranged as spouses as recently as 2021. On June 16, 2021, Ms. Enriquez filed a Temporary Protective Order Against Domestic Violence ("TPO"), in Clark County District Court, Case No. T-21-214838-T. The basis for the filing of the report was due to Ms. Enriquez's concern for how her husband would react when she announced her desire to leave the marriage, and other details in relation to her decision to leave Mr. Martinez. According to Ms. Enriquez, no domestic violence was ever directed towards

her or the children (the language in the TPO applies to both instances of domestic violence *or in the possibility there is a threat of domestic violence*). Furthermore, the TPO expired on July 31, 2021. The fact that Ms. Enriquez and Mr. Martinez have both requested through their attorneys the ability to communicate for the limited purpose of exchanging the children between households demonstrates their commitment and willingness to operate a mature, coparenting rapport for the sake of their young daughters, and that the TPO was merely filed by Ms. Enriquez in an abundance of caution, because she was announcing the ending of their spousal relationship. Additionally, the TPO contemplated shared custody, however Ms. Enriquez and Mr. Martinez were arrested in the instant matter within days of the filing of the TPO.

A court releasing a defendant under 18 U.S.C. § 3142 shall do so subject to the least restrictive conditions. 18 U.S.C. § 3142(c)(1)(B). The court may amend or change the conditions at any time. 18 U.S.C. § 3142(c)(3); *see United States v. Honeyman*, 470 F.2d 473, 474 (9th Cir.1972). Both Ms. Enriquez and Mr. Martinez submit that they have demonstrated their willingness to comply with this Court's orders and have done so successfully. Both defendants are fully complaint with all conditions and continue to be employed full time.

Pretrial Services Officers Barlow and Bassler-Wide do not object to the abovementioned modification of the release conditions, yet also do not take a position in support of the request (no position). The government's position is in deference to Pretrial Services on both requests set forth in this motion.

As Such, in addition to no opposition to the modification of the condition of no contact among the co-defendants, Pretrial Services Officer Barlow has no opposition to the having the following two conditions removed as applicable to Mr. Martinez:

> (51) The defendant shall participate in the following location monitoring program component and abide by its requirements as Pretrial Services or the supervising officer instructs:

(51A) Curfew: The defendant is restricted to his residence every day at a time schedule deemed appropriate by Pretrial Services or the supervising officer.

(52) The defendant shall submit to the type of location monitoring technology indicated below and abide by all of the program requirements and instructions provided by Pretrial Services or the supervising officer related to the proper operation of the technology:

(52D) Global Positioning Satellite (GPS) monitoring.

Accordingly, Ms. Enriquez and Mr. Martinez respectfully request that this Court enter an order modifying both of their conditions of release to permit contact for the limited purpose of facilitating shared custody of their daughters, and/or any other condition this Court determines would suffice considering the goal of shared custody. Mr. Martinez additionally requests the removal of his conditions for curfew and GPS monitoring.

Dated this 4th day of November 2021.

Respectfully submitted,

*/s/Jacqueline Tirinnanzi*
JACQUELINE TIRINNANZI, ESQ
Attorney for Alejandra Enriquez-Atunez

*/s/ Ivette A. Maningo*
IVETTE A. MANINGO, ESQ
Attorney for Enrique Martinez

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 2:21-CR-00169-RFB-BNW |
| Plaintiff, | |
| vs. | **ORDER** |
| ADRIANA ENRIQUEZ, ALEJANDRA ENRIQUEZ-ATUNEZ, and ENRIQUE MARTINEZ, | |
| Defendants. | |

The Court, finding good cause showing and with no objection by Pretrial Services, ORDERS that Defendants Alejandra Enriquez-Atunez and Enrique Martinez's pretrial release orders be modified to permit a limited scope of communication for the purposes of facilitating the exchange of their daughters between parental households. Furthermore, with respect to Mr. Martinez, this Court removes the conditions of curfew and Global Position Satellite (GPS) monitoring.  All other conditions shall remain in full force and effect.

DATED: 11/5/2021

_____
THE HONORABLE BRENDA WEKSLER
United States Magistrate Judge

## **CERTIFICATE OF SERVICE**

I certify that I am an Attorney of Counsel at KATHLEEN BLISS LAW PLLC and that on this 4th day of November 2021, I did cause a true copy of:

motion.

**UNOPPOSED JOINT MOTION FOR MODIFICATION OF PRETRIAL CONDITIONS**

To be served via electronic service by the U.S. District Court CM/ECF system to the parties on the Electronic Filling system in this action.

By: */s/Jacqueline Tirinnanzi*
An Attorney of Counsel at
KATHLEEN BLISS LAW